IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| **Lorlee Transport, Inc., d/b/a** ) <br> **Hunter & Hunter Transport** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) <br> **Columbus Roofing, Inc.,** ) <br> ) <br> **Defendant.** ) <br> _____ ) | **Civil Action No:** 4-14-cv-148 (CDL) |

## COMPLAINT

COMES NOW Plaintiff, Lorlee Transport, Inc. d/b/a Hunter & Hunter Transport ("Lorlee"), and hereby files its Complaint for damages against Defendant, Columbus Roofing, Inc. ("Columbus"), respectfully showing this Court as follows:

1. Lorlee is a foreign corporation having its principal place of business in Jonesburg, Missouri.

2. Columbus is a Georgia corporation with its principal place of business in Columbus, Georgia. Columbus may be served with process through its

registered agent, Donald E. Loiselle, Jr., at 1435 Jacqueline Drive, Columbus, Georgia 31907.

3. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between Lorlee and Columbus and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 and Local Rule 3.4.

5. Columbus operates a roofing business in Columbus, Georgia.

6. Lorlee entered into a contract to disassemble and perform other work on certain modular buildings ("Units") located at Ft. Benning, Georgia, and then to transport the Units to Texas for use as short term rental housing by oilfield workers.

7. Prior to transporting the Units to Texas, Lorlee entered into a contract with Columbus pursuant to which Columbus agreed to furnish and install new roofs on the Units for the sum of $171,000 ("Contract"). The Contract was memorialized by a purchase order dated November 22, 2011, which was accepted by Columbus. A true and correct copy of the purchase order is attached hereto as Exhibit "A" and incorporated herein by reference.

8. Columbus furnished and installed the new roofs on the Units, finishing its work at or around the end of 2011, and Lorlee paid Columbus the full amount of the contract price.

9. Within the first year after the Units were put into service in Texas, the owner of the Units began to complain that the roofing work performed by Columbus was defective and that the Units were experiencing severe roof leaks and resulting water damage to their interiors.

10. On or about August 28, 2013, the owner gave notice that it intended to replace the roofs, and made demand for payment of all costs incurred.

11. Notice of the owner's demand was promptly passed on to Columbus by letter dated September 5, 2013, advising Columbus to notify its insurer and giving Columbus an opportunity to inspect the roof systems it had installed. However, Columbus failed to respond. Columbus has failed and refused to correct the defects in its performance or compensate Lorlee for its damages resulting from Columbus' breaches and neglect.

12. The owner proceeded with replacement of the roofs installed by Columbus, and subsequently filed suit against Lorlee in Texas state court for the resultant costs and other claimed damages, which the owner alleges are in excess of one million dollars.

13.     Lorlee has answered the owner's lawsuit in Texas and now brings this action against Columbus to recover any and all costs and damages recovered by the owner from Lorlee relating to the acts or omissions of Columbus.  Lorlee is further entitled to recover from Columbus any and all costs and damages incurred by Lorlee arising out of or resulting from the Contract and/or Columbus' performance of work on the Units.

14.     All conditions precedent to the bringing of this action have occurred or been waived.

### Count One – Breach of Contract

15.     Lorlee incorporates the allegations in Paragraphs 1 through 14, above, as if fully restated herein.

16.     Columbus owed Lorlee a duty to fully perform the work required by the Contract in a good and workmanlike manner.

17.     Columbus breached the Contract by failing to properly perform its obligations thereunder and performing defective roofing work on the Units.

18.     As a direct and proximate result of Columbus' breach, Lorlee has suffered damages in an amount to be proven at trial, but in excess of the jurisdictional amount, exclusive of interest and costs.

19. Lorlee is entitled to recover its damages from Columbus.

## Count Two – Breach of Warranty

20. Lorlee incorporates the allegations in Paragraphs 1 through 19, above, as if fully restated herein.

21. By undertaking to perform the work under the Contract, Columbus impliedly warranted that its work would be performed in a fit and workmanlike manner.

22. Columbus breached its implied warranty by its failure to exercise the requisite degree of care, skill and ability in the performance of its work.

23. As a direct and proximate result of Columbus' breach of warranty, Lorlee has suffered damages in an amount to be proven at trial, but in excess of the jurisdictional amount, exclusive of interest and costs.

24. Lorlee is entitled to recover its damages from Columbus.

## Count Three – Negligence

25. Lorlee incorporates the allegations in Paragraphs 1 through 24, above, as if fully restated herein.

26. Columbus owed Lorlee a duty to exercise due care in the performance of its work on the Units.

27. Columbus breached its duty to Lorlee by, *inter alia*, performing its work in a defective and deficient manner.

28. As a direct and proximate result of Columbus' negligence, Lorlee has suffered damages in an amount to be proven at trial, but in excess of the jurisdictional amount, exclusive of interest and costs.

29. Lorlee is entitled to recover its damages from Columbus.

## Count Four – Indemnification

30. Lorlee incorporates the allegations in Paragraphs 1 through 29, above, as if fully restated herein.

31. If Lorlee is found liable in actions brought by others arising out of or resulting from the acts and omissions of Columbus, such liability would be secondary, passive, vicarious or imputed, and the negligence of Columbus would be primary, active and direct.

32. In that event, Lorlee would be entitled to be indemnified by Columbus for any and all damages suffered by Lorlee resulting from Columbus' negligence,

including, but not limited to, amounts for which Lorlee is adjudged liable as a result of Columbus' negligence.

33. Lorlee is entitled to recover its damages from Columbus.

## Count Five – Attorney's Fees

34. Lorlee incorporates the allegations in Paragraphs 1 through 33, above, as if fully restated herein.

35. Columbus has acted in bad faith, has been stubbornly litigious, and has caused Lorlee unnecessary trouble and expense. Therefore, pursuant to O.C.G.A. § 13-6-11, Lorlee is entitled to recover its reasonable attorney's fees and costs as against Columbus.

WHEREFORE, Plaintiff Lorlee prays as follows:

(a) That Lorlee have judgment against Defendant Columbus for damages in an amount to be proven at trial, plus interest at the maximum legal rate;

(b) That Lorlee recover reasonable attorney's fees and costs under O.C.G.A. § 13-6-11;

(c) That Lorlee recover its costs and expenses for bringing this action, including but not limited to attorney's fees; and

(d) That Lorlee have such other and further relief as the Court deems just and proper.

This 17th day of June, 2014

                                **GONZALEZ SAGGIO & HARLAN LLP**

                                s/ Stephen G. Lowe
                                Stephen G. Lowe
                                Georgia Bar No. 459955

                                *Attorneys for Plaintiff*

Atlanta Financial Center
3353 Peachtree Road, N.E.
Suite 920 - North Tower
Atlanta, Georgia  30326
Tel:  (404) 869-1545, ext. 304
Fax: (404) 842-1722
Stephen_Lowe@gshllp.com